**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:26-cv-22303-KMM

ADRIEL RAMON MESA RODRIGUEZ,

      Petitioner,

v.

CHARLES A. PARRA, in his official capacity
as the assistant Field Office Director for the Krome
North Processing Center, *et al.*,

      Respondents.

_____/

## ORDER TO SHOW CAUSE

THIS CAUSE came before the Court upon Petitioner Adriel Ramon Mesa Rodriguez's

("Petitioner") Petition for Writ of Habeas Corpus and Request for Order to Show Cause ("Petition"

or "Pet.") (ECF No. 1).  Petitioner alleges that he is in the physical custody of Respondents at the

Krome North Service Processing Center in Miami, Florida.  *See* Pet. ¶ 1.  Petitioner is a citizen of

Cuba who has been in Respondents' custody and direct control since February 3, 2026.  *Id.* ¶ 31.

Petitioner was issued a Notice to Appear, "charging him as an alien present in the United States

who has not been admitted or paroled," which was filed with the immigration court on February

27, 2024, commencing Petitioner's removal proceedings.  *Id.* ¶ 80.  He was released on his own

recognizance that day, with a requirement that he periodically report to Immigration and Customs

Enforcement ("ICE").  *Id.* ¶ 81.  On February 3, 2026, Petitioner was involved in a minor car

accident, resulting in no injuries; while waiting for assistance, as the accident rendered his car

inoperable, Petitioner was taken into custody by ICE.  *Id.* ¶ 85.  Now, detained at Krome North

Service Processing Center, Petitioner states that "[w]ithout intervention from this Court, he faces

the prospect of prolonged detention lasting months or even years, separated from his family and community, despite his full compliance with prior release conditions." *Id.* ¶ 88.

Petitioner now brings the following claims: (1) Violation of the Immigration and Nationality Act; (2) Violation of his Fifth Amendment Right to Procedural Due Process; (3) Violation of his Fifth Amendment right to Substantive Due Process; (4) Violation of the Bond Regulations; and (5) Violation of the Administrative Procedure Act. *Id.* ¶¶ 89–134. Thus, Petitioner asks the Court to: (1) assume jurisdiction over this matter; (2) order that Petitioner not be transferred outside of the Southern District of Florida; (3) issue an order to show cause, directing Respondents to show cause why the Petition should not be granted within three days; (4) issue a writ of habeas corpus requiring Respondents to provide Petitioner with a bond hearing within seven days or, in the alternative, release Petitioner immediately; (5) order Respondents not to re-arrest or detain Petitioner under 28 U.S.C. § 1225(b)(2)(A); (6) declare Petitioner's detention is unlawful; and (7) award Petitioner attorney's fees and costs under the Equal Access to Justice Act. *Id.* at 45.

UPON CONSIDERATION of the Petition and the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED as follows:

1. The Court finds that it has jurisdiction over the Petition pursuant to, *inter alia*, 28 U.S.C. § 2241, and that venue is proper pursuant to *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484 (1973) because Petitioner is detained in this District;

2. Petitioner is not to be transferred until these proceedings have terminated, and therefore Respondents shall maintain Petitioner's detention within the Southern District of Florida for the pendency of the Petition, and direct any applicable authorities to maintain the same;

3.  On or before **April 9, 2026**, Respondents shall file <u>one (1)</u> consolidated memorandum of fact and law to show cause why the Petition should not be granted and file all documents necessary for its resolution;

4.  Counsel for Respondents must caption their memorandum as a "Response" rather than a Motion to Dismiss, and are cautioned that any requests for extension of time to respond will only be granted for good cause shown and must comply with 28 U.S.C. § 2243, Local Rule 7.1(a), and the Federal Rules of Civil Procedure;

5.  Respondents are reminded they must provide Petitioner full and complete copies of all documents filed in support of their Response pursuant to Fed. R. Civ. P. 10(c) and *Rodriguez v. Fla. Dep't of Corr.*, 748 F.3d 1073, 1077 (11th Cir. 2014);

6.  Petitioner may, but is not required to, file a Reply within <u>seven (7) days</u> of Respondents' Response, not to exceed ten (10) pages and in compliance with the Federal Rules of Civil Procedure and the Local Rules, any untimely filing of which will not be excused absent unforeseen and unavoidable circumstances;

7.  The Court will address Petitioner's other requested relief after having reviewed the Response and Reply.

DONE AND ORDERED in Chambers at Miami, Florida, this ___6th___ day of April, 2026.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record