**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:26-cv-22348-KMM

DAIRON PALACIOS LORE
DE MOLA,

      Petitioner,

v.

KROME NORTH SERVICE
PROCESSING CENTER, Warden,
*et al.*,

      Respondents.

_____/

**<u>ORDER</u>**

THIS CAUSE came before the Court upon Petitioner Dairon Palacios Lore de Mola's

Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition" or "Pet.") (ECF

No. 1) and Motion for Leave to Proceed *In Forma Pauperis* (the "IFP Motion") (ECF No. 3).

Pursuant to 28 U.S.C. § 1914, "parties instituting any civil action, suit or proceeding in

such court, whether by original process, removal or otherwise" are required to pay the filing fee,

which for applications for a writ of habeas corpus is $5.00.  28 U.S.C. § 1914(a).  To proceed *in*

*forma pauperis*, Petitioner must file an affidavit showing inability to pay fees or give security

which states "the nature of the action, defense or appeal and affiant's belief that the person is

entitled to redress."  28 U.S.C. § 1915(a)(1).  The Rules Governing § 2254 Cases in the United

States District Courts similarly require that a petitioner seek leave to proceed *in forma pauperis*

pursuant to the requirements of 28 U.S.C. § 1915.[1]  Rules Governing § 2254 Cases, R. 3(a)(2).

---

[1] The Rules Governing § 2254 Cases also govern petitions under § 2241.  *See* Rules Governing §
2254 Cases, R. 1(b); *O'Neal v. United States*, No. 22-cv-20193, 2022 WL 168536, at *1 (S.D. Fla.
Jan. 19, 2022).

While both § 1915 and Rule 3(a) also require a certificate from an officer of the place of confinement showing the prisoner's account statement for the 6-month period preceding the filing of the petition, the Eleventh Circuit has held that petitioners detained only pursuant to a civil immigration detainer are not prisoners within the meaning of the Prison Litigation Reform Act, such that certain provisions applying only to prisoners may not properly be applied to immigration detainees. *See Danglar v. Dep't of Corr.*, 50 F.4th 54, 59–60 (11th Cir. 2022); 42 U.S.C. § 1997e(h) (defining "prisoner" as a person detained or incarcerated in connection with "violations of criminal law"); *see also Mehmood v. Guerra*, 783 F. App'x 938, 940 (11th Cir. 2019) (explaining that nevertheless "under § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike"). Reconciling this guidance, the Court finds that where petitioners have filed an affidavit demonstrating their inability to pay and their entitlement to redress, it may allow such petitions to proceed even without a certified account statement so long as the petitioners have demonstrated an inability to pay fees within the meaning of the Rule 3(a). The Court does so here as to Petitioner.

Further, Federal Rule of Civil Procedure 42(a) allows the Court to consolidate actions that have common questions of law or fact. Fed. R. Civ. P. 42(a). Here, the Court finds that Case Nos. 1:26-cv-22303-KMM and 1:26-cv-22348-KMM, the present case, involve common questions of law and fact, such that consolidation is appropriate.

UPON CONSIDERATION of the Petition and the IFP Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED as follows:

1. The IFP Motion (ECF No. 3) is GRANTED, and Petitioner may proceed without prepayment of the $5.00 filing fee. Petitioner will now become indebted to the United

2

States for that amount, and Petitioner's facility must make payments from Petitioner's institutional account to the Clerk of this Court each time the amount in the account exceeds $10.00 until the full filing fee of $5.00 is paid;

2. Case No. 1:26-CV-22348-KMM is hereby CONSOLIDATED with **Case No. 1:26-CV-22303-KMM** for all purposes, including trial.  The Clerk of Court is INSTRUCTED to administratively CLOSE Case No. 1:26-CV-22348-KMM.  All future filings MUST be made only in the lead case, **Case No. 1:26-CV-22303-KMM**.  All pending motions not adjudicated herein, if any, in Case No. 1:26-CV-22348-KMM are DENIED AS MOOT except the Petition (ECF No. 1), which remains operative in the lead case.

3. The Clerk of Court is DIRECTED TO REFILE Petitioner Dairon Palacios Lore de Mola's Petition (ECF No. 1) in the lead case, as he is appearing pro se.

4. The Order to Show Cause deadlines shall be as follows:  (1) Respondents shall file <u>one (1) consolidated response addressing each Petitioner</u> on or before **April 9, 2026**; (2) each Petitioner shall be allowed to file a Reply within seven (7) days of Respondents' Response.  All other provisions of the Order to Show Cause in the lead case (ECF No. 6), including formatting and page limit requirements, shall remain in force.

DONE AND ORDERED in Chambers at Miami, Florida, this ___7th___ day of April, 2026.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record

3